IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Anthony James, #310987, | Civil Action No. 1:17-01256-TMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Lavern Cohen; Jane Doe, Grievance Lady; John Doe, Maintenance; and Wanda Buoy) | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report") (ECF No. 8), recommending that the court dismiss the Complaint (ECF No. 1) without prejudice and without issuance of process. Plaintiff was advised of his right to file objections to the Report. (ECF No. 8 at 7). Plaintiff filed objections to the Report. (ECF No. 10).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review

when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. BACKGROUND

The magistrate judge summarized the facts of this action in her Report. (ECF No. 8). Briefly, Plaintiff is an inmate at Ridgeland Correctional Facility ("RCI"). He alleges that the showers in his unit are in poor condition because there are only four showers for 136 prisoners, that there are no dividers in the showers, and that three of the showers do not turn off, causing the water to be "almost cold." (ECF No. 1 at 5–6). Plaintiff further alleges that the prisoners cannot clean these showers properly because the "water flow drains the chemical off the shower floor before [they] can start cleaning." *Id.* Additionally, according to Plaintiff, the prisoners have a communal restroom with no running water in two of the three sinks, with the third sink only having cold water. *Id.* at 7. Plaintiff claims that all of the toilets are missing except one and that when that one is flushed, it leaks waste water onto the floor. *Id.* Plaintiff states that there is standing water resulting from this leak and that it smells strongly of urine. *Id.* Moreover, Plaintiff alleges that the majority of the cells in his unit do not have electricity and that the lights, sockets, or both do not work. *Id.* at 8. Plaintiff further claims that the prisoners have no outside recreation despite the fact that there is a big recreation field adjacent to their dorm. *Id.* Additionally, Plaintiff alleges that the prisoners have no floor buffer to scrub the floors, no cable outlet to watch television, and no adequate supply of towels for prisoners. *Id.* Consequently, he claims that indigent prisoners are forced to use their same towel for twelve months. *Id.*

Plaintiff contends that he wrote maintenance twice to fix the plumbing problems but that the problems were not fixed. *Id.* At 7. Plaintiff claims that he filed a grievance asking the committee to contact the necessary personnel to have these issues fixed, but his grievance was never processed. *Id.* Plaintiff states that he voiced these concerns to Defendant Buoy and Defendant Cohen, but they did not fix the issues. *Id.*

Based on the foregoing facts, Plaintiff claims his dorm room is discriminated against by the prison administrators, and he seeks injunctive relief and monetary damages. *Id.* at 6–8. Before the court is the magistrate judge's Report on Plaintiff's Complaint (ECF No. 1).

## II. DISCUSSION

Rather than containing specific objections to the magistrate judge's findings, Plaintiff's objections largely restate his claims. However, the court is able to glean that Plaintiff alleges that the magistrate judge erred in finding that he had not asserted a cognizable Eighth Amendment violation under the stated facts.

While the "Constitution does not mandate comfortable prisons," the conditions of the prisons are "subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (internal citations omitted). In order to state a claim alleging that these conditions violate constitutional requirements, a plaintiff prisoner must show "both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991). To demonstrate that the prison's conditions deprived him of a basic human need, a plaintiff must allege that officials failed to provide him with humane conditions of confinement, such as "*adequate* food, clothing, shelter, and medical care, and . . . reasonable measures to guarantee the safety of inmates." *Farmer*, 511 U.S. at 832 (emphasis added). Furthermore, in order to prove that the prison

officials were "deliberate[ly] indifferen[t]" to the conditions, the plaintiff must show that the prison official had actual knowledge of a substantial risk of harm to a prisoner and that the official disregarded that risk. *Id.* at 847; *see also Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004).

In evaluating a pro se plaintiff's complaint, the court is charged with liberally construing the factual allegations of the complaint in order to allow potentially meritorious claims to go forward. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Upon review of the Plaintiff's Complaint, this court finds that Plaintiff is entitled to issuance of process of his claims for Eighth Amendment violations in regards to the toilet leaking raw sewage and the lack of electricity in the dorm room.

**A. Toilet That Leaks Sewage Water**

Plaintiff alleges that the prisoners share a communal bathroom and that in that communal bathroom, only one of the three toilets is present and usable. (ECF No. 1 at 6(a)). Plaintiff states that when prisoners flush the one remaining toilet, "it leaks waste water." *Id.* Due to this leak, the Plaintiff claims that "standing water sits on the floor" and that the bathroom "smells like urine." *Id.* According to Plaintiff's Complaint and his objections to the Report, the Plaintiff notified maintenance of these problems in writing, but the problems were never fixed. (ECF Nos. 1 at 6(a), 10 at 2).

The Fourth Circuit has noted that "the denial of decent and basically sanitary living conditions and 'the deprivation of the basic elements of hygiene' have all been found to be clear violations of the Eighth Amendment" cruel and unusual punishment standard. *Hite v. Leeke*, 564 F.2d 670 (4th Cir. 1977) (quoting *McCray v. Sullivan* 509 F.2d 1332 (5th Cir. 1975)). This court determines that the leaking waste-water that is accumulating in the communal bathroom could be

4

sufficiently unsanitary so as to potentially reach the level of being a violation of the Eighth Amendment's cruel and unusual punishment standard. Furthermore, Plaintiff has plead that he has notified Defendants of these conditions and that Defendants have made no effort to remedy the situation. (ECF Nos. 1 at 6(a), 10 at 2). Therefore, this court determines that Plaintiff has sufficiently plead a potential Eighth Amendment violation and that his claim as to the leaking toilet should be issued process and served on Defendants.

**B. No Electricity in Dorm**

Plaintiff further alleges that the majority of the cells in his housing unit do not have electricity. (ECF No. 1 at 6(b)). He further states that in most cells either the light or the socket does not work and in some cells there are neither working sockets nor lights. *Id.* He alleges that he and other inmates have made "full faith efforts to contact administration to have these conditions repaired" and that the administration has failed to fix these electrical issues. (ECF 10 at 6).

While it seems that the Fourth Circuit has not specifically held that a lack of adequate lighting can amount to an Eighth Amendment violation, courts outside this jurisdiction have considered proper lighting a necessary component of providing inmates with adequate shelter. *See Hoptowit v. Spellman*, 753 F.2d 779, 783 (9th Cir. 1985) ("Adequate lighting is one of the fundamental attributes of 'adequate shelter' required by the Eighth Amendment.")[1]; *Ramos v. Lamm*, 639 F.2d 559, (10th Cir. 1980) ("[A] state must provide within such living space reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities (i.e. hot and cold water, light, heat, plumbing.")). For this reason, this court finds that the Plaintiff's claim regarding inadequate lighting in his prison dorm could raise a potential Eighth Amendment

---

[1] While this case does not provide mandatory precedent that this court must follow, the Fourth Circuit has cited to this case in its limited, unpublished opinion, *Rice v. North Carolina Dept. of Corrections*, 873 F.2d 1440 (4th Cir. 1989), as to a separate issue.

violation. As such, Plaintiff's claim as to the leaking toilet should be issued process and served on Defendants.

**C. Remaining Claims**

As to all other claims alleged, this court finds that Plaintiff has not sufficiently asserted any violation of his Eighth Amendment rights. *See e.g. Lopez v. Robinson*, 914 F.2d 486, 492 (4th Cir. 1990) (discussing prison plumbing and stating that "there is no clearly established, sufficiently contoured, right to hot showers in prison"); *Crow v. Leeke*, 540 F.2d 740, 741 (4th Cir. 1976) (on the notion that lack of prison resources such as space is an "unpleasant" result of "the usual incidents of confinement in maximum security.") (internal citations omitted); *cf. Mitchell v. Rice*, 954 F.2d 187, 191 (4th Cir. 1992) ("It may be generally considered that *complete* deprivation of exercise for an *extended* period of time violates Eighth Amendment prohibitions against cruel and unusual punishment.") (emphasis added). Therefore, all remaining allegations should be dismissed without prejudice and without service.

### III. CONCLUSION

After a thorough review of the Report and the entire record in this case, the court adopts the magistrate's Report as to all claims except the claims of Eighth Amendment violations regarding the leaking toilet and inadequate electricity in the dorms. Accordingly, the claims not concerning the toilet or electricity are **DISMISSED WITHOUT PREJUDICE** and will not be served on the Defendants. However, this court considers the Plaintiff's claims as to the leaking toilet and the inadequate electricity to be potentially meritorious, and, therefore, those claims are to be **ISSUED PROCESS AND SERVED ON DEFENDANTS.**

**IT IS SO ORDERED.**

/s/ Timothy M. Cain  
United States District Judge

October 3, 2017
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.